# United States District Court

## CENTRAL DISTRICT OF ILLINOIS

FILED

FEB 2 2 2024

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Julian G. Thomas #10550-090

        Plaintiff

vs.

The United States Of America

        Defendant(s)

Case No. ———————
*(The case number will be assigned by the clerk)*

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☐    42 U.S.C. §1983 (state, county or municipal defendants)

☐    Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☑    Other federal law: Federal Torts Claim Act 28 U.S.C. §1346(b)

☐    Unknown _____

## I. FEDERAL JURISDICTION

***Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Julian Grady Thomas

Prison Identification Number: 10550-090

Current address: FCI Pekin P.O. Box 5000 Pekin, IL 61555

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: The United States Of America

Current Job Title: _____

Current Work Address _____

Defendant #2:

Full Name: N/A

Current Job Title: _____

Current Work Address _____

Defendant #3:

Full Name: N/A

Current Job Title: _____

2

Current Work Address _____

_____

Defendant #4:                    N | A

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

Defendant #5:                    N | A

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

*For additional defendants, provide the information in the same format as above on a separate page.*

## III.  LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A.  Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?          Yes  ☐          No  ☑

If yes, please describe _____

_____

B.  Have you brought any other lawsuits in federal court while incarcerated?

Yes  ☑          No  ☐

C.  If your answer to B is yes, how many?  __1__  Describe the lawsuit(s) below.

3

1.  Name of Case, Court and Docket Number
Western district of Wisconsin (7th Cir) Judge Conley

2.  Basic claim made Violation of Constitutional rights (1983 Civil rights)

3.  Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still

pending?) dismissed during screening process due to motion to suppress in state court.

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A.  Is there a grievance procedure available at your institution? Yes ☑ No ☐ but N/A

B.  Have you filed a grievance concerning the facts relating to this complaint?

Yes ☐    No ☑

If your answer is no, explain why not FTCA has a different exhaustion requirement. I have completed the exhaustion requirement. (Per Attachments).

C.  Is the grievance process completed? Yes ☐    No ☐

N/A but exhaustion requirement completed!

## V. STATEMENT OF CLAIM

Place(s) of the occurrence Pekin Federal Correctional Institution

4

Date(s) of the occurrence November 16, 2022

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

**THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED.** *Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

On Nov. 16, 2022 at approx 9:25 a.m., claimant was in the day room playing a game of chess with inmate Lorenzo Johnson #50399-044. Unbeknownst to plaintiff, mentally ill inmate who was unprovoked (Hakeem Hughes #76127-067) crept up behind plaintiff and began violently stabbing plaintiff in the face and neck area with a shank/shiv (piece of metal sharpened to a point). Plaintiff survived the attack by wrestling his attacker to the floor and throwing defense punches until the attacker dropped the weapon. After what seemed like an eternity, staff finally responded and plaintiff complied with staff's orders. Both plaintiff and his attacker were restrained and taken to medical. Before plaintiff was treated for his injuries, staff took pictures of plaintiff's injuries and bloody clothes. Plaintiff was subsequently treated for injuries and then taken to SHU. The following day, an FBI agent came and questioned plaintiff as a victim. The FBI agent told plaintiff that he had seen footage of the incident and that the mentally-ill inmate (Hakeem Hughes #76127-067) could've killed plaintiff if the shiv didn't bend when the attacker stabbed plaintiff in the neck area.

(1ST) Negligence:

Psychologist Dr. Stevens violated pgs. 5324.07 and her laziness and careless inattention caused her to be negligent. Dr. Stevens knew that the mentally-ill inmate (Hughes) had been refusing his psychotropic medication for weeks. So did C/O S. Koontz, who was assigned to unit IL-2 at the time, as did Chief Psychologist Chakos. They all knew that Hughes (attacker) was off his meds and out of control, which was borne out by the fact that

5

inmate Hughes (Attacker) had severely self-mutilated twice shortly before he attacked plaintiff with a weapon. On one occassion, he'd cut himself open to the bone, rubbed himself down in his own blood and came into the dayroom covered in blood from his head to his feet. Staff rushed Hughes to the outside hospital where he received "staples" to close his wounds. In under a week before Hughes attacked plaintiff, he carved the words "I don't give a fuck" in his left forearm with something very sharp, as the words revealed his "white meat" when he came into the dayroom. Dr. Stevens was well aware of this. C/o S. Koontz was aware of this. Dr. Chakos was aware of this yet no one cared enough or either was too lazy to isolate this inmate for closer monitoring to prevent further harm to himself or harm to others. These events or episodes took place on unit IL-2 at Pekin FCI from late September of 2022 through Nov of 2022. Plaintiff was released from SHU in January of 2023. Plaintiff signed up to talk with Dr. Stevens (psychologist) due to plaintiff having difficulty with sitting with his back turned to people, sleeping, recurring visions of incident, etc. During plaintiff's visit with Dr. Stevens, she told plaintiff that "this was not plaintiff's fault. It was totally premeditated. She's been doing this for 17 years and only one other person was as mentally-ill as Hughes is. She's worked at ADX, Florence, and then here. Hughes is a mixture of things. Hughes has names for days of the week such as "wig out Wednesday", "trow blood Thursday", and other names too! In fact, the day Hughes attacked you he sent me an electronic email saying that he was about to do something bad." This is a little while before he attacked you". Dr. Stevens told plaintiff that she is the one who found the weapon on the dayroom floor where the incident happened. Dr. Steven told plaintiff that she's the one who pushed the administration to refer the case to the FBI for prosecution.

The staff at Pekin FCI failed to keep plaintiff safe from unreasonable risks which directly resulted in plaintiff being stabbed by mentally-ill inmate. Psychological staff's careless inattention, hence their failure to act, left a

psychologically impaired inmate, who was frequently possessing "Cutting tools" and knowing he was off his meds and had threatened to do something bad, in general population. Plaintiff is suing for personal injury due to defendant's negligence by way of inaction, laziness and careless inattention. The Bop has a duty to keep prisoners safe from unreasonable risks. Staff at FCI Pekin (C/o Koontz, Dr. Stevens, Dr. Chakos) breached that duty. They left mentally-ill inmate Hakeem Hughes # 76127-067 free to roam unmonitored, after they knew he was off his meds and possessing cutting tools. Staff failed to act after the mentally-ill inmate sent threatening message via electronic email. Psychology staff and C/o Koontz's negligence demonstrated by their laziness & careless inattention is what ultimately caused plaintiff's harm. Plaintiff offers that these set of facts can easily be proven by the video footage of incident, electronic emails, medical records, sensitive documents, the evidence collected in Report Pek-23-0040-A, and plaintiff's witnesses which includes: Blake Storey # 14222-025, Lorenzo Johnson # 50399-044, Tyshawn Hollins # 53940-424, Dr. Stevens (Psychologist), and C/o S. Koontz. Dr. Stevens and Chief psychologist Dr. Chakos both deviated from a course of action prescribed by BoP regulation or policy. (2) Intentional Infliction of Emotional Distress: Multiple staff members (C/o Hood, C/o Terrell, Trustfund C/o Mrs. Biegler) at Pekin FCI on different occasions inappropriately cracked jokes about them watching the tape of the plaintiff being stabbed. They even went as far as saying "You wanna get stabbed again" or "please dont stab me". Plaintiff has witnesses for this claim as well. Plaintiff seeks damages for this this claim as well.

## RELIEF REQUESTED

(State what relief you want from the court.)

7

Plaintiff prays that the court will award damages for the personal injury and mental anguish he suffered due to defendant's negligence. Damages not to exceed $1,000,000.00, as plaintiff asked for in his administrative claim.

Plaintiff also prays that this court will mandate the BOP to implement a "self-defense" clause in it's policy as there is NO self defense in the BOP, hence the plaintiff spent 64 days in SHU as a result of plaintiff being attacked from behind by an inmate with a weapon. Plaintiff also lost 27 days of good time credit as well as some priveleldges. This was the true meaning of adding insult to injury.

Respectfully

JURY DEMAND          Yes ☐          No ☑

Signed this ___19th___ day of ___February___, 20_24_.

_____
( Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Julian G. Thomas | 10550 - 090 |
| Address: FCI Pekin P.O. Box 5000 Pekin, IL 61555 | Telephone Number: |

8

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Bureau of Prisons<br>320 First Street, NW<br>Washington, D.C. 20534 | Julian Thomas<br>FCI Pekin<br>P.O. Box 5000<br>Pekin, IL 61555-5000 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☑ CIVILIAN | 9-10-77 | Single | 11/16/22 Wednesday | 9:25 a.m. |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Negligence: BOP failed to keep claimant safe and protect claimant from unreasonable risk which directly resulted in claimant being stabbed by mentally ill inmate who was refusing his meds for two weeks leading up to incident. Employees (C/O S. Koontz, Dr. Stevens, Dr. Chakos) knew that Inmate Hakeem Hughes #76127-067 had been refusing his meds for weeks, therefore knew or should have known that claimant was put in an unsafe situation. Cline v. United States Department of Justice, 525 F. Supp. 825 (D.S.D. 1981). (See additional pages and documents)

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

None

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

2 cm laceration on right cheek (stab wound)
Cut on left pinky (defense wound)
Superficial scratch on right side of neck (attempted stab wound)

Anxiety, Paranoia, Ptsd: Claimant thinks that someone is going to attack him from behind if he has his back turned to people. Always thinks something bad is going to happen again since incident.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Blake Storey #14222-025 | FCI Pekin P.O. Box 5000 |
| Lorenzo Johnson #50399-044 | FCI Pekin P.O. Box 5000 Pekin, IL 61555-5000 |
| Tyshawn Hollins #53940-424 | FCI Pekin P.O. Box 5000 Pekin, IL 61555-5000 |

**12.** (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| None | $1,000,000.00 | None | $1,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *(signature)* non-negotiable instrument | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

None

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☐ No   **17. If deductible, state amount.**

None

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?** (It is necessary that you ascertain these facts).

None

**19. Do you carry public liability and property damage insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

None

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

<u>Written Notice</u>                                           pg. 1

(additional pages)

8. Basis of Claim (Continued)


<u>Place of Occurrence</u> : FCI Pekin (Pekin, IL)
housing Unit - Illinois 2 (dayroom)


<u>Facts and Circumstances</u> :
On 11/16/22, at about 9:25 A.m., claimant was violently attacked by
Inmate Hakeem Hughes #76127-067. Claimant was in the dayroom
sitting at a table playing a game of chess with another inmate. Un-
beknownst to claimant, inmate Hughes crept up behind claimant and
stabbed claimant in the face and the neck area with a sharpened
peace of steel shaped to a point/tip. A scuffle ensued, and claimant
threw a few punches in defense until Staff came and intervened at
approx 9:27 a.m. There were plenty of people who witnessed this as
there were other inmates in the dayroom that saw the entire incident.
Staff recovered the weapon, cameras caught the incident, and staff
referred the stabbing to the FBI. Claimant and Hughes were taken
to medical to get treated for their injuries, then taken directly to the
SHU (segregation).


<u>Negligence</u>
A government employee is negligent when they "fail to use reasonable
care." The four things needed to show in a negligent claim are <u>duty</u>,
<u>breach</u>, <u>causation</u>, and <u>damages</u>. Claimant averts that these

pg #4

pg. 2

(additional pages Continued)
four things can easily be shown here.


A) <u>Damage</u>: the "incident report #3707131", medical documents (claimant's), and the photos that are in report PEK-23-0040-A, all reflect the damage that WAS inflicted upon claimant.

b) <u>Duty and Breach</u>: Correctional Officials have a "duty" to keep prisoners safe and protect them from unreasonable risks. Claimant averts that the Senior Correctional officer S. Koontz, Dr. Stevens (Psychologist), and Dr. Chakos (head Psychologist) were <u>all</u> <u>Aware</u> of the fact that Inmate Hughes had been refusing to take his meds for weeks. Still they did not take any safety measures to protect claimant. Inmate Hughes #76127-067 had recently self-mutilated, severely cutting himself open and down to the bone, having to be rushed outside the prison to receive "staples" for his injuries (Sept 27, 2022). Then again carving himself (words into his forearm) deeply with something obviously very sharp in November shortly before this incident. Senior Officer S. Koontz (who is in charge of Unit IL-2), Dr. Stevens (Psychologist), and Dr. Chakos (head Psychologist) were all aware of these facts but "failed in" their duty to keep claimant safe. They knew Inmate Hughes #76127-067 had access to very sharp objects, of which he had already harmed himself with on two seperate occassions, yet failed in their "duty" to keep claimant safe from "unreasonable risks."

C) <u>Causation</u>: Staff failed to act, and left a psychologically impaired inmate (Hughes) in general population, knowing that he (Hughes) had been refusing his meds and frequently possessing "cutting tools". This is the

Pg. # 5

pg. 3

(additional pages)

Cause of the harm suffered by claimant. This assault could've "reasonably" been prevented. Keller v. United States, 771 F. 3d 1021 (7th Cir. 2014), the court said that "Carelessness would not be covered by the discretionary function exception, as it involves no element of choice or judgement grounded in public policy considerations." The Psychology Staff could've easily had this inmate (Hughes) placed in suicide watch, isolation until they got the situation with Hughes refusing his meds under control. They knew that Hughes had been fashioning weapons/objects to inflict "serious" injury upon himself, therefore the obvious possibility that he could harm others. They (staff) simply failed to act as they didnt care enough to act. The BOP does not have a duty to provide a "risk-free" environment, neither does prison officials. However, they both have a duty to put first the saftey and security of prisoners, which was breached.

Other Witnesses
Dr. Stevens (Psychologist)
C/O S. Kountz (Sr. Correctional officer)

✳ Note: Attack was pre-meditated. Dr. Stevens (Psychologist) told claimant that she received a electronic message from psych-patient Hughes #76127-067 minutes before incident on 11/16/22 Confirming premeditation.

pg #6



| BP-A0288 | **INCIDENT REPORT** |
|---|---|
| | Dept. of Justice / Federal Bureau of Prisons |

### Part I – Incident Report

| 1. Institution: **PEKIN FCI** | | Incident Report Number: **3707131** | |
|---|---|---|---|
| 2. Inmate's Name **THOMAS, JULIAN** | 3. Register Number **10550-090** | 4. Date of Incident **11-16-2022** | 5. Time **0925 hrs** |
| 6. Place of Incident **201** | 7. Assignment **UNASSG SHU** | 8. Unit **ILLINOIS** | |
| 9. Incident **Fighting** | | 10. Prohibited Act Code(s) **201** | |

11. Description Of Incident

(Date: **12-08-2022**    Time: **1110 hrs**    staff became aware of incident)

**On December 8, 2022, SIS became aware Investigative report PEK-23-0040-A was signed and approved by the Warden. Report PEK-23-0040-A concludes inmate Hakeem Hughes, Reg. No. 76127-067, utilized a weapon to assault and attempt to inflict severe injury or death on inmate Julian Thomas, Reg. No. 10550-090. Specifically, on November 16, 2022, at approximately 9:25:25 a.m., inmate Hughes walked up behind inmate Thomas while Thomas was seated at a table playing chess. Inmate Hughes then pulled out a metal object from his right pocket and with a sideways motion of his right hand began striking at the neck and facial area of inmate Thomas. Inmate Thomas stood up, turned around and body slammed inmate Hughes to the ground and began striking at inmate Hughes with closed fists. Inmate Thomas remained on top of inmate Hughes, until approximately 9:27:35 a.m., when Staff arrived and ordered them to separate. The metal object utilized by inmate Hughes was recovered and determined to be a homemade metal weapon, sharpened and shaped to a point. Inmate Thomas' medical assessment reflects 2cm laceration on the right cheek, a superficial scratch to the right side of neck, and a cut on left pinky finger. Inmate Hughes' medical assessment reflects open cut to left side mid upper lip (suture not required), superficial abrasion right eye, bruising and swelling noted, small raised bump to left side temple, small hematoma to right side mid back, small abrasion back of head.**

| 12. Typed Name/Signature of Reporting Employee **M Reich** | 13. Date And Time **12-08-2022 1150 hrs** | |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) **J ESTRADA** | 15. Date Report Delivered **12-13-2022** | 16. Time Report Delivered **1625 hrs** |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270    Replaces BP-S288.052

pg.#7

# Bureau of Prisons
## Health Services
## Clinical Encounter

| | |
|---|---|
| Inmate Name:   THOMAS, JULIAN | Reg #:   10550-090 |
| Date of Birth:   09/10/1977 | Facility:   PEK |
| Encounter Date:  11/16/2022 11:01     Sex:     M    Race:  BLACK | Unit:    Z02 |
| Provider:  Schmidt, Carrie RN | |

Injury Assessment - Non-work related encounter performed at Health Services.

**SUBJECTIVE:**

**INJURY  1**      **Provider:**   Schmidt, Carrie RN

**Date of Injury:**      11/16/2022 09:25      **Date Reported for Treatment:**      11/16/2022 11:02

**Work Related:**   No      **Work Assignment:**   FCI BARBER

**Pain Location:**

Pain Scale:    3

Pain Qualities:   Burning

**Where Did Injury Happen (Be specific as to location):**

illinois unit

**Cause of Injury (Inmate's Statement of how injury occurred):**

pt states inmate attacked him with a sharp object

**Symptoms (as reported by inmate):**

pt states burning to right cheek, and left pinkie finger

**OBJECTIVE:**

**Pulse:**

| Date | Time | | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|---|
| 11/16/2022 | 11:01 | PEK | 128 | | | Schmidt, Carrie RN |

**Respirations:**

| Date | Time | | Rate Per Minute | Provider |
|---|---|---|---|---|
| 11/16/2022 | 11:01 | PEK | 16 | Schmidt, Carrie RN |

**Blood Pressure:**

| Date | Time | | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|---|
| 11/16/2022 | 11:01 | PEK | 185/95 | | | | Schmidt, Carrie RN |

**SaO2:**

| Date | Time | | Value(%) | Air | Provider |
|---|---|---|---|---|---|
| 11/16/2022 | 11:01 | PEK | 98 | | Schmidt, Carrie RN |

**ASSESSMENT:**

Other

Pt sent to medical for assessment for altercation in Illinois unit.  Pt has a 2cm laceration to left cheek, 1 small superficial scratch to right side neck, 1/2cm cut to left pinkie finger. steri strips applied to 2cm lac to right cheek, band aid applied to cut on left pinkie finger, pt denies any headache or vision changes, pt alert and oriented x3, PERRLA, pt answering and responding to questions appropriately, wounds cleaned, vss, pt in no distress, 2-3/10 pain, pt instructed to notify medical for any changes in condition.

| | | | |
|---|---|---|---|
| Inmate Name: THOMAS, JULIAN | | Reg #: 10550-090 | |
| Date of Birth: 09/10/1977 | Sex: M   Race: BLACK | Facility: PEK | pg #8 |
| Encounter Date: 11/16/2022 11:01 | Provider: Schmidt, Carrie RN | Unit: Z02 | |

## PLAN:

### Disposition:

Follow-up at Sick Call as Needed

### Patient Education Topics:

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 11/16/2022 | Counseling | Access to Care | Schmidt, Carrie | Verbalizes Understanding |

**Copay Required:** No          **Cosign Required:** Yes

**Telephone/Verbal Order:** No

Completed by Schmidt, Carrie RN on 11/16/2022 11:07

Requested to be cosigned by Lee Ho, Jeffrey MD.

Cosign documentation will be displayed on the following page.

# Bureau of Prisons
# Health Services
# Cosign/Review

Pg# 9

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: | THOMAS, JULIAN | | | Reg #: | 10550-090 |
| Date of Birth: | 09/10/1977 | Sex: | M | Race: | BLACK |
| Encounter Date: | 11/16/2022 11:01 | Provider: | Schmidt, Carrie RN | Facility: | PEK |

**Cosigned by Lee Ho, Jeffrey MD on 11/16/2022 12:04.**

# Bureau of Prisons
## Health Services
## Clinical Encounter

pg.№10

| | | | | |
|---|---|---|---|---|
| **Inmate Name:** THOMAS, JULIAN | | | | **Reg #:** 10550-090 |
| **Date of Birth:** 09/10/1977 | **Sex:** M | **Race:** BLACK | | **Facility:** PEK |
| **Encounter Date:** 11/17/2022 10:19 | **Provider:** Schmidt, Carrie RN | | | **Unit:** Z02 |

Nursing - Sick Call Note encounter performed at Health Services.

### SUBJECTIVE:

COMPLAINT **1**    Provider: Schmidt, Carrie RN

Chief Complaint:  Other Problem

Subjective:   Pt involved in altercation 11/16/2022, cut to face obtained in altercation, pt requesting lab work, md order obtained for follow up labs.  Tetanus IM vaccine given and form signed. Wound to face cleaned, supplies given to inmate, pt instructed to notify medical for any changes in condition.

**Pain:**      No

### OBJECTIVE:

### ASSESSMENT:

Other

Pt involved in altercation 11/16/2022, cut to face obtained in altercation, pt requesting lab work, md order obtained for follow up labs.  Tetanus IM vaccine given and form signed.  Wound to face cleaned, supplies given to inmate, pt instructed to notify medical for any changes in condition.

### PLAN:

**New Laboratory Requests:**

| Details | Frequency | Due Date | Priority |
|---|---|---|---|
| Lab Tests - Short List-General-Hep B core Ab, Total | One Time | 11/17/2022 00:00 | Today |
| Lab Tests - Short List-General-Hep B surface Ag | | | |
| Lab Tests - Short List-General-HIV 1/2 | | | |
| Lab Tests - Short List-General-Hep C Ab | | | |
| Lab Tests - Short List-General-Hep B surface Ab | | | |
| Lab personnel verbally notified of a priority order of Today or Stat | | | |

**Disposition:**

Follow-up at Sick Call as Needed

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 11/17/2022 | Counseling | Access to Care | Schmidt, Carrie | Verbalizes Understanding |

**Copay Required:** No         **Cosign Required:** Yes

**Telephone/Verbal Order:** Yes      **By:** Lee Ho, Jeffrey MD

**Telephone or Verbal order read back and verified.**

Completed by Schmidt, Carrie RN on 11/17/2022 10:33
Requested to be cosigned by Lee Ho, Jeffrey MD.

| | | |
|---|---|---|
| Inmate Name:  THOMAS, JULIAN | | Reg #:  10550-090 |
| Date of Birth:  09/10/1977 | Sex:  M   Race:  BLACK | Facility:  PEK |
| Encounter Date:  11/17/2022 10:19 | Provider:  Schmidt, Carrie RN | Unit:  Z02 |

pg. # 11

Cosign documentation will be displayed on the following page.



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of Regional Counsel*

400 State Avenue
Tower II, Suite 800
*Kansas City, KS   66101*

Julian Thomas Reg. No. 10550-090
FCI PEKIN
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
PEKIN, IL   61555

August 24, 2023

Re:   Claim Number TRT-NCR-2023-05899
      Amount Claimed $1,000,000.00

      CERTIFIED RECEIPT 7022 0410 0000 8375 8786
                         7022 0410 0000 8375 8786

Dear Claimant:

Your above referenced tort claim has been considered for administrative review pursuant to 28 CFR § 0.172, Authority: Federal Tort Claims and 28 CFR Part 14, Administrative Claims Under Federal Tort Claims Act.   Investigation of your claim did not reveal that you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

As a result of this investigation, your claim is denied.   This memorandum serves as a notification of final denial under 28 CFR § 14.9, Final Denial of Claim. If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than 6 months after the date of mailing of this notification.

Sincerely,

*Ryan Nelson*
for
Mary A. Noland
Regional Counsel

TABLE OF CONTENTS

1) FTCA Complaint- 8 pages total.

   Exhibit # 1.- Administrative Claim(standard form 95, incident report, medical-health servive encounter) 11 pages total.

   Exhibit # 2. - letter of final denial of Claim. 1 pages total.

   Exhibit # 3. - Application to proceed informa pauperis & trust fund history. 8 pages total.

   Exhibit # 4. - Proof of attempt to acquire counsel.

   Exhibit # 5. - 4 pages total.

   Exhibit # 6. - Motion for appointmented Counsel..

