UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JULIAN THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24-cv-1085 |
| UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* and presently incarcerated at Pekin Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that on November 16, 2022, he was attacked and violently stabbed without provocation by a mentally ill inmate named Hakeem Hughes. Plaintiff was told that he could have been killed if the shiv Hughes used to attack him had not bent when he stabbed Plaintiff's neck. Plaintiff alleges Dr. Stevens, Correctional Officer Koontz, and Chief

Psychologist Chakos—all staff members employed by FCI Pekin—knew that Hughes was refusing to take his psychotropic medication for weeks. They all knew that Hughes had recently cut his own arm down to the bone and rubbed himself in blood from his head to his feet. They also all knew that Hughes had carved the words "I don't give a fuck" into his arm roughly one week before the attack. Moreover, on the day of the attack, Hughes sent Dr. Stevens an email letting Dr. Stevens know that he was about to do something bad. Despite this knowledge, Plaintiff alleges that these staff members negligently failed to take steps to remove Hughes from the general prison population and ensure Plaintiff's safety.

Plaintiff names the United States of America as a Defendant in his complaint and seeks to bring his claims under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 1346(b). The Court finds that Plaintiff has stated a claim under the FTCA for negligence under Illinois law. *See also Palay v. United States,* 349 F.3d 418, 431 (7th Cir. 2003).

**IT IS THEREFORE ORDERED:**

**1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a claim under the Federal Tort Act against the United States. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give notice to the defendant and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**3. The court will serve the defendant pursuant to Fed. R. Civ. P. 4(i)(1). The United States has 60 days from the date of service file an answer. Fed. R. Civ. P. 12(a)(2). If the defendant has not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendant has been served, the court will enter an order setting discovery and dispositive motion deadlines.**

      **4.** This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

      **5.** Counsel for the defendant is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendant shall arrange the time for the deposition.

      **6.** The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

      **7.** The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

      **8.** The clerk is directed to serve the United States pursuant to Fed. R. Civ. P. 4(i)(1).

      **9.** Plaintiff has filed a Motion to Request Counsel [3]. Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).  The Court finds that Plaintiff has satisfied the first prong.  As for the second prong, Plaintiff provides no specific reasons why he cannot litigate the case himself at this time. Plaintiff is personally aware of the facts of this case and has so far presented his claims clearly.  Moreover, the case does not appear overly complex at this stage.  Accordingly, Plaintiff's motion [3] is DENIED with leave to renew.  If Plaintiff

**renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.**

Entered this 28th day of March, 2024.

                                            */s/ Sara Darrow*
                                           SARA DARROW
                                    CHIEF U.S. DISTRICT JUDGE